EDWARD THOMPSON COMPANY, A CORPORATION, PLAIN-
TIFF-APPELLEE, v. ELWOOD C. WEEKS, DEFENDANT-
APPELLANT.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the plaintiff-appellee, *Robertson & Robertson.*

For the defendant-appellant, *John W. Parsons (Elwood C. Weeks,* of counsel, *pro se).*

PER CURIAM.

This is an appeal from a judgment in the Atlantic City District Court in favor of the plaintiff and against the defendant for $273 and costs. The suit was brought to recover the balance due plaintiff upon a sale of a set of books known as Ruling Case Law sold by it to the defendant.

The defendant presented no testimony at the trial. The plaintiff proved by an employe, who testified he had charge of the collection of plaintiff's accounts and knew of his own knowledge the entire transaction between plaintiff and defendant; that there was a balance due from defendant to plaintiff amounting to $240; that the original debt had been $320 which was reduced by payments from time to time totaling $80. This witness further testified that on the day prior to the trial he had seen the books in question in the defendant's office; that he, at that time, had a conversation with defendant in which defendant said he wished to settle the account by returning the books and paying plaintiff $75 to be released from further obligation.

The defendant was present at the opening of the session of the court when it was announced this action would be heard during the day—an action he knew was one wherein he was charged with failure to pay a debt therein fully specified; nevertheless, he did not stay to question, to qualify or

to deny. He left the trial of his case to his attorney who informed the court "that he had no defense in the case, but that he simply wanted strict proof of plaintiff's case." And, now, the defendant argues that the proofs were insufficient to justify the judgment, that a nonsuit should have been granted, and that it was error to permit plaintiff's witness to testify that there was a debt due from defendant to plaintiff.

We find no merit whatever in appellant's contentions. The judgment is affirmed.